UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LYON FINANCIAL SERVICES, INC., a Minnesota Corporation, d/b/a U.S. BANCORP BUSINESS EQUIPMENT FINANCE GROUP with its Principal Offices in Marshall, Minnesota,<br><br>Plaintiff,<br><br>v.<br><br>GREATER CALVARY BIBLE CHURCH, a/k/a Greater Calvary Missionary Baptist Church,<br><br>Defendant. | Case No. 09-CV-3734 (PJS/AJB)<br><br>ORDER |

Kevin K. Stroup and Ronald E. Seanor, STONEBERG, GILES & STROUP, PA, for plaintiff.

Jay D. Ellwanger, DINOVO PRICE ELLWANGER & HARDY LLP, and John D. Holland, DADY & GARDNER, PA, for defendant.

This matter is before the Court on two motions. First, plaintiff Lyon Financial Services, Inc. ("Lyon") moves to remand this action to Lyon County District Court. Second, defendant Greater Calvary Bible Church ("the Church") moves to dismiss this action for lack of jurisdiction or, in the alternative, to transfer this action to the United States District Court for the Western District of Texas. The Court grants Lyon's motion to remand and denies the Church's motion as moot.

In June 2008, the Church (which is located in Austin, Texas) leased a copier from Zeno Imaging ("Zeno") (also based in Austin, Texas). Under the terms of the lease, Zeno agreed to provide the Church with the copier and a certain number of copies each month; in return, the

Church agreed to provide a security deposit and to make monthly payments. The Church alleges that the copier began malfunctioning soon after delivery and that Zeno was never able to fix it. The Church eventually refused to continue making lease payments, and, after making several demands for payment under the contract, Zeno took back the copier in July 2009.

Unbeknownst to the Church, Zeno had assigned its rights under the lease to Lyon shortly after the contract was executed. Lyon (which is based in Marshall, Minnesota) sued the Church in Minnesota state court, seeking accelerated payments totaling $59,812.59, as well as interest, costs, and fees under the lease. Lyon commenced the state-court action by personally serving the Church with a summons and complaint on September 30, 2009. Docket No. 1-2 at 10 (affidavit of service). Under Minnesota law, a civil action is commenced when the summons is served on the defendant; it is not necessary for the summons or complaint to be filed with the court. Minn. R. Civ. P. 3.01. Lyon did not file its complaint in state court until December 10, 2009. Ellwanger Aff. Ex. A [Docket No. 24-1].

The Church filed its notice of removal on December 30, 2009. Docket No. 1. Lyon now moves to remand this action to state court, arguing that the Church's notice of removal was not timely. The Court agrees.

Under 28 U.S.C. § 1446(b), a defendant is required to file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). In this case, "receipt by the defendant, through service or otherwise, of a copy of the initial pleading" occurred on September 30, 2009. The Church had until October 30,

2009, to file a notice of removal. It did not file a notice of removal until December 30, 2009. Church Opp. Remand at 2 [Docket No. 22]. Its notice of removal was therefore two months late.

The Church argues, though, that it could not file a notice of removal until Lyon first *filed* its complaint in state court, and that Lyon did not *file* its complaint in state court until December 10, 2009. The Church points out that, under § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." The Church tries to shoehorn its situation into this provision, contending that "the case stated by the initial pleading [was] not removable" because the pleading had not been filed with the state court. As the Church sees it, only when it learned that Lyon had filed its complaint in state court on December 10, 2009, did the Church receive an "other paper" from which the Church first ascertained that the case was removable.

An argument identical to the Church's was considered and rejected by this Court in *Duchene v. Premiere Bank Metro South*, 870 F. Supp. 273 (D. Minn. 1994). In that case, Judge Rosenbaum wrote:

> Defendant argues that remand is improper since plaintiff merely served, but did not file, the Rice County complaint. The Court rejects this argument. Minnesota law is unusual in that a plaintiff may commence an action by serving the complaint rather than filing it with the Court. In fact, in Minnesota, many cases are never filed. Defendant's argument also ignores the clear language of the removal statute . . . .

*Id*. at 274. Judge Rosenbaum concluded that "[t]he statute requires removal within 30 days after receipt of the complaint under circumstances such as these." *Id*.

The Court agrees with Judge Rosenbaum. The removal statute is clear on its face: The 30-day removal period begins to run on "*receipt* by the defendant, *through service* or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b) (emphasis added). The removal statute says nothing about filing.

Moreover, the Court is not aware of any reason why a Minnesota state action that has been commenced through service — but not yet filed — could not be removed. Certainly nothing in § 1446 dictates such a result. To the contrary, § 1446(a) requires that a removing defendant file with its notice of removal a copy of all process, pleadings, and orders that have been "*served* upon such defendant"; it says nothing about filing. Section § 1446(d) provides that, *after* removing, a defendant must file a copy of the notice of removal with the clerk of state court. Presumably if the state court did not already have a file on the case, the clerk would open a file and place the notice of removal in that file.

Finally, even if it were necessary for a Minnesota state action to be filed before it could be removed, nothing keeps the defendant from filing it. In this action, for example, after the Church was served with the summons and complaint, the *Church* could have filed the complaint in state court, asked the clerk to assign a case number, and then filed a notice of removal in federal court. All of this could have been done within 24 hours or so. It is thus not true, as the Church contends, that this case was not removable until Lyon chose to file the complaint in state court.

Because the notice of removal was filed too late, this matter is remanded to state court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The motion of plaintiff Lyon Financial Services, Inc., for remand [Docket No. 8] is GRANTED.

2. This action is REMANDED to the Minnesota District Court, Fifth Judicial District.

3. The motion of defendant Greater Calvary Bible Church to dismiss or, in the alternative, transfer [Docket No. 2] is DENIED AS MOOT.

Dated: March 31, 2010        s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge